## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KAREEM JAMES,**

      **Plaintiff,**

**v.**                                                    **Case No:**

**CREDIT ONE BANK, N.A. and**
**DIVERSIFIED CONSULTANTS, INC.**
                                                         **DEMAND FOR JURY TRIAL**

      **Defendants.**
_____/

## PLAINTIFF'S COMPLAINT
## WITH INJUNCTIVE RELIEF SOUGHT

**COMES NOW**, Plaintiff, **KAREEM JAMES** ("Mr. James" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendants, **CREDIT ONE BANK, N.A.** ("Debt Owner") and **DIVERSIFIED CONSULTANTS, INC.** ("Debt Collector") (collectively "Defendants"), and in support thereof states as follows:

### *Introduction*

1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such debt by using an automatic telephone dialing system or an artificial or prerecorded voice to place calls to Mr. James' cellular telephone service after he expressly revoked consent for

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page 1 of 21

Defendants to do so, and by communicating with third parties without Mr. James'
permission when Defendants knew that those third parties did not have a legitimate
business need for the information, which can reasonably be expected to harass Mr. James.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case under 28
U.S.C. §1331.

3.      Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla.
Stat. § 559.77 (1).

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a
substantial part of the events or omissions giving rise to the claims occurred in this
judicial district.

### *Parties*

5.      Plaintiff, Mr. James, was and is a natural person and, at all times material
hereto, is an adult, a resident of Pinellas  County, Florida, and a "debtor" or "consumer"
as defined by Fla. Stat. § 559.55 (8).

6.      Mr. James is the "called party" as referenced in the TCPA, 47 U.S.C. §
227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 727-***-3322 ("Mr.
James' Cellular Telephone").

7.      At all times material hereto, Debt Owner was and is a bank with its
principal place of business in the State of NV located at 6801 South Cimarron Road, Las
Vegas, NV 89113.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **2** of 21

8.      At all times material hereto, Debt Collector was and is a corporation with its principal place of business in the State of FL, and its registered agent, John Crawford, Esq., located at 1200 Riverplace Boulevard, Suite 800, Jacksonville, FL 32207.

9.      Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3), and a "Debt Collector" as defined by both Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

10.     At all times material hereto, Debt Collector was performing debt collection owed to Debt Owner to satisfy Mr. James' alleged debt.

11.     At all times material hereto, Debt Collector was acting within the scope of an employee, representative, or agent on behalf of Debt Owner for purposes of collecting Mr. James' alleged debt for Debt Owner.

12.     As such, Debt Owner is responsible for the conduct of Debt Collector as its employee, representative, or agent.

13.     Under information and belief, Debt Owner granted Debt Collector access to information and systems that normally would be within Debt Owner's exclusive control, including, but not limited to Mr. James' information.

14.     Under information and belief, Debt Owner allowed Debt Collector to enter Mr. James' information into Debt Owner's sales or customer systems.

15.     Under information and belief, Debt Owner gave Debt Collector authority to use the principal's trade name, trademark, or service mark.

16.     Under information and belief, Debt Owner approved, wrote, or reviewed a transcript for Debt Collector to use when calling Mr. James.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page 3 of 21

17.     Under information and belief, Debt Owner had actual knowledge of Debt Collector's TCPA violations when calling Mr. James' cellular telephone line using an automatic dialer for non-emergency purposes and Debt Owner failed to stop such violations by Debt Collector.

18.     Under information and belief, via a contractual relationship between the parties, Debt Owner had control or the ability to control Debt Collector's actions in attempting to collect Mr. James' debt on behalf of Debt Owner.

## *Statements of Fact*

19.     Mr. James opened a credit card account with Debt Owner for personal use ("Account").

20.     Mr. James thereafter lost his job which caused him to fall behind on his payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

21.     In or around January of 2018, Debt Owner began placing calls to Mr. James' Cellular Telephone in an attempt to collect the Debt.

22.     Mr. James spoke with a representative of Debt Owner and repeatedly demanded that Debt Owner stop calling his Cellular Telephone.

23.     During one such call, Mr. James asked to speak to a manager of Debt Owner and the operator refused to allow Mr. James to speak to a manager.

24.     Mr. James called Debt Owner back to demand that Debt Owner cease its calls to his Cellular Telephone.

25.     Mr. James even sent an E-Mail to Debt Owner to demand that Debt Owner cease its calls to Mr. James' Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **4** of **21**

26.     Despite Mr. James repeated demands, Debt Owner continued to place calls to Mr. James' Cellular Telephone in attempts to collect the Debt.

27.     Debt Owner called Mr. James' Cellular Telephone at least two hundred and fifty (250) times during the time period between January of 2018 and the present.

28. Debt Owner called Mr. James Cellular Telephone from the telephone number including, but not limited to, the following: 877-825-3242.

29.     Debt Owner called Mr. James' Cellular Telephone up to seven (7) times in a single day.

30.     Debt Owner also called several third parties regarding the Debt.

31.     Specifically, Debt Owner called Mr. James' wife in attempts to collect the Debt.

32.     Debt Owner even repeatedly called Mr. James' wife's place of employment in an attempt to collect the Debt.

33.     Debt Owner also called Mr. James' mother repeatedly in an attempt to collect the Debt.

34.     During the same time period between January of 2018 and the present, Debt Collector also began placing calls to Mr. James' Cellular Telephone in an attempt to collect the Debt.

35.     Debt Collector never had Mr. James' prior express consent to call his Cellular Telephone.

36.     Additionally, Mr. James spoke to a representative of Debt Collector and demanded that Debt Collector stop calling his Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
James v. Credit One Bank, N.A. and Diversified Consultants, Inc.
Page 5 of 21

37.     Despite never having Mr. James prior express consent and Mr. James' affirmative revocation of whatever consent Debt Collector through it had, Debt Collector continued to place calls to Mr. James' Cellular Telephone in attempts to collect the Debt.

38.     Debt Collector called Mr. James' Cellular Telephone at least twenty (20) times during the time period between January of 2018 and the present.

39.     Debt Collector called Mr. James' Cellular Telephone from different telephone numbers, including, but not limited to: 216-230-0740, 877-247-2144, and 216-230-0842.

40.     All of Debt Owner's calls to Mr. James' Cellular Telephone were placed in an attempt to collect the Debt.

41.     All of Debt Owner's calls to Mr. James' wife were placed in an attempt to collector the Debt.

42.     All of Debt Owner's calls to Mr. James' wife's place of employment was placed in an attempt to collect the Debt.

43.     All of Debt Owner's calls to Mr. James' mother were placed in an attempt to collect the Debt.

44.     All of Debt Collector's calls to Mr. James' Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*
### *(as against Debt Owner)*

45.     Mr. James re-alleges paragraphs 1-44 and incorporates the same herein by reference.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **6** of 21

46.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

47.     Mr. James revoked consent to have Debt Owner call his Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around January of 2018 when he expressly told Debt Owner to stop calling his Cellular Telephone.

48.     Mr. James also revoked consent to have Debt Owner call his Cellular Telephone by the use of an ATDS when he sent Debt Owner an E-Mail demanding that Debt Owner stop calling his Cellular Telephone.

49.     Despite this revocation of consent, Debt Owner thereafter called Mr. James' Cellular Telephone at least two hundred and fifty (250) times.

50.     Debt Owner did not place any emergency calls to Mr. James' Cellular Telephone.

51.     Debt Owner willfully and knowingly placed non-emergency calls to Mr. James' Cellular Telephone.

52.     Mr. James knew that Debt Owner called Mr. James' Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
James v. Credit One Bank, N.A. and Diversified Consultants, Inc.
Page 7 of 21

calls from Debt Owner on his Cellular Telephone before a live representative of Debt Owner came on the line.

53.      Mr. James knew that Debt Owner called Mr. James' Cellular Telephone using a prerecorded voice because Debt Owner left Mr. James at least one voicemail using a prerecorded voice.

54.      Debt Owner used an ATDS when it placed at least one call to Mr. James' Cellular Telephone.

55.      Under information and belief, Debt Owner used an ATDS when it placed at least fifty calls to Mr. James' Cellular Telephone.

56.      Under information and belief, Debt Owner used an ATDS when it placed at least one hundred calls to Mr. James' Cellular Telephone.

57.      Under information and belief, Debt Owner used an ATDS when it placed at least two hundred calls to Mr. James' Cellular Telephone.

58.      Under information and belief, Debt Owner used an ATDS when it placed all calls to Mr. James' Cellular Telephone.

59.      At least one call that Debt Owner placed to Mr. James' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

60.      At least one call that Debt Owner placed to Mr. James' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

61.      At least one call that Debt Owner placed to Mr. James' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page 8 of 21

62.     At least one call that Debt Owner placed to Mr. James' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

63.     At least one call that Debt Owner placed to Mr. James' Cellular Telephone was made using a prerecorded voice.

64.     Debt Owner has recorded at least one conversation with Mr. James.

65.     Debt Owner has recorded more than one conversation with Mr. James.

66.     Debt Owner has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. James, for its financial gain.

67.     Debt Owner has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. James' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Debt Owner's call list.

68.     The structure of Debt Owner's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. James, despite individuals like Mr. James revoking any consent that Debt Owner believes it may have to place such calls.

69.     Debt Owner knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. James' Cellular Telephone.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page 9 of 21

70.     Debt Owner's phone calls harmed Mr. James by trespassing upon and interfering with Mr. James' rights and interests in his Cellular Telephone line.

71.     Debt Owner's phone calls harmed Mr. James by causing him intense emotional distress.

72.     Debt Owner's phone calls harmed Mr. James by causing him to lose sleep.

73.     Debt Owner's phone calls harmed Mr. James by wasting his time.

74.     Debt Owner's phone calls harmed Mr. James by being a nuisance and causing him severe aggravation.

75.     Debt Owner's phone calls harmed Mr. James by causing a risk of personal injury to Mr. James due to interruption and distraction.

76.     Debt Owner's phone calls harmed Mr. James by invading his privacy.

77.     All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

    a.   Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

    b.   Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

    c.   Awarding Plaintiff costs;

    d.   Ordering an injunction preventing further wrongful contact by the Debt Owner; and

    e.   Any other and further relief as this Court deems equitable.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **10** of 21

### *Count 2: Violation of the Telephone Consumer Protection Act*
### *(as against Debt Collector)*

78.     Mr. James re-alleges paragraphs 1-44 and incorporates the same herein by reference.

79.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

80.     Mr. James never provided any consent for Debt Collector to call Mr. James' Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

81.     This is because Mr. James' had no prior business relationship with Debt Collector to provide prior express consent for Debt Collector to call Mr. James' Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message.

82.     Despite never having Mr. James prior express consent to call Mr. James' Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message, Debt Collector called Mr. James' Cellular Telephone at least twenty (20) times.

83.     Further, Mr. James expressly revoked consent to have Debt Collector call Mr. James' Cellular Telephone by use of an ATDS or artificial voice or prerecorded message in or around January of 2018 when he expressly told Debt Collector to stop calling his Cellular Telephone..

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **11** of 21

84.    Debt Collector did not have consent to call Mr. James' Cellular Telephone at any point in time.

85.    Mr. James did not give his Cellular Telephone number to Debt Collector.

86.    Debt Collector did not place any emergency calls to Mr. James' Cellular Telephone.

87.    Debt Collector willfully and knowingly placed non-emergency calls to Mr. James' Cellular Telephone.

88.    Mr. James knew that Debt Collector called Mr. James' Cellular Telephone using an ATDS because he heard a pause when he answered at least one of the first few calls from Debt Collector on his Cellular Telephone before a live representative of Debt Collector came on the line.

89.    Mr. James knew that Debt Collector called Mr. James' Cellular Telephone using a prerecorded voice because Debt Collector left Mr. James at least one voicemail using a prerecorded voice.

90.    Debt Collector used an ATDS when it placed at least one call to Mr. James' Cellular Telephone.

91.    Under information and belief, Debt Collector used an ATDS when it placed at least ten calls to Mr. James' Cellular Telephone.

92.    Under information and belief, Debt Collector used an ATDS when it placed all calls to Mr. James' Cellular Telephone.

93.    At least one call that Debt Collector placed to Mr. James' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **12** of 21

94.     At least one call that Debt Collector placed to Mr. James' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

95.     At least one call that Debt Collector placed to Mr. James' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

96.     At least one call that Debt Collector placed to Mr. James' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

97.     At least one call that Debt Collector placed to Mr. James' Cellular Telephone was made using a prerecorded voice.

98.     Debt Collector has recorded at least one conversation with Mr. James.

99.     Debt Collector has recorded more than one conversation with Mr. James.

100.    Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Mr. James, for its financial gain.

101.    Debt Collector has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Mr. James' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Debt Collector's call list.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **13** of 21

102.    The structure of Debt Collector's corporate policies and/or procedures permits the continuation of calls to individuals like Mr. James, despite individuals like Mr. James revoking any consent that Debt Collector believes it may have to place such calls.

103.    Debt Collector knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Mr. James' Cellular Telephone.

104.    Debt Collector's phone calls harmed Mr. James by trespassing upon and interfering with Mr. James' rights and interests in his Cellular Telephone line.

105.    Debt Collector's phone calls harmed Mr. James by causing him intense emotional distress.

106.    Debt Collector's phone calls harmed Mr. James by causing him to lose sleep.

107.    Debt Collector's phone calls harmed Mr. James by wasting his time.

108.    Debt Collector's phone calls harmed Mr. James by being a nuisance and causing him severe aggravation.

109.    Debt Collector's phone calls harmed Mr. James by causing a risk of personal injury to Mr. James due to interruption and distraction.

110.    Debt Collector's phone calls harmed Mr. James by invading his privacy.

111.    All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page 14 of 21

a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

c. Awarding Plaintiff costs;

d. Ordering an injunction preventing further wrongful contact by the Debt Owner, including through agents such as Debt Collector; and

e. Any other and further relief as this Court deems equitable.

### *Count 3: Violation of the Fair Debt Collection Practices Act ("FDCPA")*
### *(as against Debt Collector)*

112. Mr. James re-alleges paragraphs 1-44 and incorporates the same herein by reference.

113. Mr. James is a "consumer" within the meaning of the FDCPA.

114. The subject Debt is a "consumer debt" within the meaning of the FDCPA.

115. Debt Collector is a "debt collector" within the meaning of the FDCPA.

116. Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

a. Debt Collector violated 15 U.S.C. § 1692d (5) by causing Mr. James' Cellular Telephone to ring continuously with the intent to annoy, abuse, and harass Mr. James.

b. Debt Collector violated 15 U.S.C. § 1692c (b) by contacting a third party, Mr. James' wife, in connection with collection of the Debt, without Mr. James' prior consent.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page 15 of 21

c.  Debt Collector violated 15 U.S.C. § 1692c (b) by contacting a third party, Mr. James' wife's place of employment, in connection with the collection of the Debt, without Mr. James' prior consent.

d.  Debt Collector violated 15 U.S.C. § 1692c (b) by contacting a third party, Mr. James' mother, in connection with the collection of the Debt, without Mr. James' prior consent.

e.  Debt Collector violated 15 U.S.C. § 1692d by continuing to call Mr. James' Cellular Telephone after Mr. James demanded that Debt Collector cease its calls, the natural consequence of which is to harass, oppress, or abuse Mr. James.

117.  As a result of the above violations of the FDCPA, Mr. James has been subjected to illegal collection activities for which he has been damaged.

118.  Debt Collector's actions harmed Mr. James by causing him intense emotional distress.

119.  Debt Collector's actions harmed Mr. James by causing him to lose sleep.

120.  Debt Collector's actions harmed Mr. James by wasting his time.

121.  Debt Collector's actions harmed Mr. James by being a nuisance and causing him severe aggravation.

122.  Debt Collector's actions harmed Mr. James by causing a risk of personal injury to Mr. James due to interruption and distraction.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **16** of 21

123.    Debt Collector's actions harmed Mr. James by invading his privacy.

124.    Debt Collector's actions harmed Mr. James by harming his reputation.

125.    It has been necessary for Mr. James to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

126.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b.   Awarding actual damages;

    c.   Awarding costs and attorneys' fees; and

    d.   Any other and further relief as this Court deems equitable.

### *Count 4: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Collector)*

127.    Mr. James re-alleges paragraphs 1-44 and incorporates the same herein by reference.

128.    Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated Fla. Stat. § 559.72(7) by continuing to call Mr. James' Cellular Telephone despite Mr. James' demands that Debt Collector cease its calls, which can reasonably be expected to harass Mr. James.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page 17 of 21

129.    As a result of the above violations of the FCCPA, Mr. James has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

130.    Debt Collector's actions harmed Mr. James by causing him intense emotional distress.

131.    Debt Collector's actions harmed Mr. James by causing him to lose sleep.

132.    Debt Collector's actions harmed Mr. James by wasting his time.

133.    Debt Collector's actions harmed Mr. James by being a nuisance and causing him severe aggravation.

134.    Debt Collector's actions harmed Mr. James by causing a risk of personal injury to Mr. James due to interruption and distraction.

135.    Debt Collector's actions harmed Mr. James by invading his privacy.

136.    Debt Collector's actions harmed Mr. James by harming his reputation.

137.    It has been necessary for Mr. James to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

138.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

    b.   Awarding actual damages;

    c.   Awarding punitive damages;

    d.   Awarding costs and attorneys' fees;

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **18** of 21

  e. Ordering an injunction preventing further wrongful contact by the Debt Collector; and

  f. Any other and further relief as this Court deems equitable.

### _Count 5: Violation of the Florida Consumer Collection Practices Act ("FCCPA") (as against Debt Owner)_

 139. Plaintiff re-alleges paragraphs 1-44 and incorporates the same herein by reference.

 140. Debt Owner violated the FCCPA. Debt Owner's violations include, but are not limited to, the following:

  a. Debt Owner violated Fla. Stat. § 559.72(5) by disclosing to a person other than Mr. James, information affecting the Mr. James' reputation, when Debt Owner called Mr. James' wife's place of employment, with knowledge or reason to know that Mr. James' wife's place of employment, does not have a legitimate business need for the information or that the information is false.

  b. Debt Owner violated Fla. Stat. § 559.72(7) by continuing to call Mr. James' Cellular Telephone despite Mr. James' demands that Debt Collector cease its calls, which can reasonably be expected to harass Mr. James.

 141. At all times relevant hereto, Debt Owner was vicariously liable for the actions of Debt Collector.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
_James v. Credit One Bank, N.A. and Diversified Consultants, Inc._
Page 19 of 21

142.    Debt Collector violated the FCCPA.  Debt Collector's violations include, but are not limited to, the following:

    a.   Debt Collector violated Fla. Stat. § 559.72(7) by continuing to call Mr. James' Cellular Telephone despite Mr. James' demands that Debt Collector cease its calls, which can reasonably be expected to harass Mr. James.

143.    As a result of the above violations of the FCCPA, Mr. James has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

144.    Debt Owner's actions harmed Mr. James by causing him intense emotional distress.

145.    Debt Owner's actions harmed Mr. James by causing him to lose sleep.

146.    Debt Owner's actions harmed Mr. James by wasting his time.

147.    Debt Owner's actions harmed Mr. James by being a nuisance and causing him severe aggravation.

148.    Debt Owner's actions harmed Mr. James by causing a risk of personal injury to Mr. James due to interruption and distraction.

149.    Debt Owner's actions harmed Mr. James by invading his privacy.

150.    Debt Owner's actions harmed Mr. James by harming his reputation.

151.    It has been necessary for Mr. James to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

152.    All conditions precedent to this action have occurred.

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **20** of 21

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Owner as follows:

  a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

  b. Awarding actual damages;

  c. Awarding punitive damages;

  d. Awarding costs and attorneys' fees;

  e. Ordering an injunction preventing further wrongful contact by the Debt Owner; and

  f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **KAREEM JAMES**, demands a trial by jury on all issues so triable.

Respectfully submitted this **May 25, 2018**,

        */s/ Michael A. Ziegler*
        Michael A. Ziegler, Esq.
        Florida Bar No. 74864
        mike@zieglerlawoffice.com

        Kaelyn Steinkraus, Esq.
        Florida Bar No. 125132
        kaelyn@zieglerlawoffice.com

        Law Office of Michael A. Ziegler, P.L.
        13575 58th Street North, Suite 129
        Clearwater, FL 33760
        (p)  (727) 538-4188
        (f)  (727) 362-4778
        Attorneys and Trial Counsel for Plaintiff

Plaintiff's Complaint and Demand for Jury Trial with Injunctive Relief Sought
*James v. Credit One Bank, N.A. and Diversified Consultants, Inc.*
Page **21** of 21